**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JACK BEERY, | : | |
| Plaintiff, | : | Case No. 3:00CV327 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| THOMSON CONSUMER ELECTRONICS, INC., | : | |
| | : | |
| Defendant. | | |
| | | |
| THOMSON LICENSING SA, | : | |
| Plaintiff, | : | Case No. 3:02CVcv311 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| JACK BEERY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

## I. INTRODUCTION

These two patent cases – a patent infringement case and a patent interference case – were previously consolidated for purposes of discovery and claim construction. *See* Case No. 3:02cv311, Doc. #31. The parties have since conducted discovery, the Court has held a *Markman* hearing, and claim construction has been completed.

Plaintiff Thomson Licensing SA's patent interference case (3:02cv311), brought under 35

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

U.S.C. §291, is presently before the Court upon dispositive Motions filed by the parties after the claim-construction phase of the case was completed. No Motions are presently pending in the patent infringement case.

The patent interference case is before the Court upon Defendant Jack Beery's Motion For Partial Summary Judgment Or Dismissal For Lack Of Subject Matter Jurisdiction (3:02cv311, Doc. #174), Thomson Licensing's Response (3:02cv311, Doc. #191), and Beery's Reply (3:02cv311, Doc. #194). The patent interference case is also before the Court upon Thompson Licensing's Motion for Partial Dismissal of the §291 Claim As It Applies To U.S. Patent No. 5,068,734 (3:02cv311, Doc. #192), Beery's Response (3:02cv311, Doc. #193), and Thomson Licensing's Reply (3:02cv311, Doc. #195).

## II. THE INTERFERENCE CASE, AND THE PARTIES' PRESENT MOTIONS

Thomson Licensing's patent interference case seeks to resolve the priority between certain United States patents owned by either Thomson Licensing or Beery. Thomson Licensing's First Amended Complaint asserts interferences between two sets of patents: (1) Thomson Licensing's Duffield U.S. Patent No. 4,914,517 ("Duffield '517 patent") and Beery's U.S. Patent No. 5,068,734 ("Beery '734 patent"); and (2) the Duffield '517 patent and Beery's U.S. Patent RE 35,952 ("Beery '952 patent").

Now that the claim language of the Beery '952 patent has been construed, Beery seeks partial summary judgment, or alternatively a dismissal for lack of subject matter jurisdiction, contending that no interference exists between the Berry '952 patent and the Duffield '517 patent.

Thomson Licensing does not oppose dismissal of its interference claim concerning the

Duffield '517 patent and the Berry '952 patent. (Doc. #191 at 3-4). Thomson Licensing explains that it has concurrently moved to dismiss its interference claim concerning the Berry '734 patent and the Duffield '517 patent. Thomson Licensing states:

> Given the Court's claim construction of 'channel select designation' in relation to 'operator,' in conjunction with the Court's granting of Thomson's Motion to Partially Dismiss as to the Beery '734 patent, Thomson Licensing SA requests that the Court enter a final judgment dismissing the Section 291 claim between the Berry '952 patent and the Duffield '517 patent for lack of jurisdiction. In this way, Mr. Beery's Motion for Partial Summary Judgment or Dismissal for Lack of Subject Matter Jurisdiction is granted, and Thomson Licensing SA may proceed with an appeal to resolve the question of claim construction and the interfering patents claim under Section 291 as between the Berry '952 patent and the and the Duffield '517 patent.

(Doc. 191 at 3-4).

Beery emphasizes that he seeks summary judgment holding that no interference has occurred and that he alternatively seeks dismissal for lack of subject matter jurisdiction. Beery also believes that if the present Motions are granted, Thomson Licensing will seek to stay the patent infringement case while it pursues an appeal of the patent interference case. Beery points out that such a stay would further delay the resolution of his patent infringement case, which was filed in 2000.

**III.    DISCUSSION**

Beery contends that partial summary judgment or dismissal is warranted because under the now-construed patent claim language, the Beery '952 patent identifies different inventions than those described by the Duffield '517 patent, and consequently, no interference exists.

Although Thomson Licensing disputes the relevance of some of Beery's claim-language arguments, Thomson Licensing implicitly recognizes that under the Court's construction of the

3

term "operator" and the phrase "channel select designation," no interference exists between the Beery '952 patent the Duffield '517 patent. *See* Doc. #191 at 2-4. In addition, Thomson Licensing seeks a Judgment dismissing its interference claim concerning priority of the Duffield '517 patent and the Beery '952 patent. *Id*. at 3-4. Consequently, in light of Thomson Licensing's Response, Beery's Motion for Partial Summary Judgment or Dismissal for Lack of Subject Matter Jurisdiction is well taken. Beery is entitled to summary judgment on, or dismissal of, Thomson Licensing's claim that an interference exists between the Duffield '517 patent and the Beery '952 patent.

Turning to Thomson Licensing's remaining interference claim, in the absence of opposition by Beery to the proposed dismissal with prejudice, Thomson Licensing's Motion for Partial Dismissal is well taken.

Accordingly, the parties' presently pending Motions should be granted. The result: both of Thomson Licensing's interference claims – the first concerning the priority of the Duffield '517 patent and the Beery '952 patent; the second concerning the priority of the Duffield '517 patent and the Beery '734 patent – should be dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Beery's Motion For Partial Summary Judgment Or Dismissal For Lack Of Subject Matter Jurisdiction (3:02cv311, Doc. #174) be GRANTED;

2. Thomson Licensing SA's Motion for Partial Dismissal of the §291 Claim As It Applies To U.S. Patent No. 5,068,734 (3:02cv311, Doc. #192) be GRANTED;

3. Thomson Licensing SA's two patent interference claims under 35 U.S.C. §291 be DISMISSED with prejudice;

4. An Order be entered terminating the consolidation of these two patent cases, 3:02cv00311 and 3:00cv00327;

4

    5.        Judgment be entered in favor of Defendant Jack Beery and against Plaintiff Thomson Licensing SA on all claims raised in Thomson Licensing's First Amended Complaint in the patent interference case, 3:02cv00311; and

    6.        The patent interference case, 3:02cv00311, be terminated on the docket of this Court.

May 13, 2005

                                                s/ Sharon L. Ovington
                                                     Sharon L. Ovington
                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).